UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
FRANKIE FIGUEROA, DANNION JORDAN,
JAMEZ LEGGETT, LAMONT GRAY and
SHAWN PARRILLA, Individually and on Behalf           Case No. 15-cv-08058 (TPG)(RLE)
of All Others Similarly Situated,

                                    Plaintiffs,

     -against-

ROVINI CONCRETE CORP., ROVINI
CONSTRUCTION CORP., VINCENT
ZOLLO, and ROSEMARY ZOLLO, Jointly and
Severally,

                                    Defendants.
------------------------------------------------------------------X

---

## MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFFS' MOTION TO CONDITIONALLY CERTIFY A FAIR LABOR STANDARDS ACT COLLECTIVE ACTION AND AUTHORIZE NOTICE TO BE ISSUED TO ALL PERSONS SIMILARLY SITUATED

---

HARRINGTON, OCKO & MONK LLP
Kevin J. Harrington
Michael W. Freudenberg
81 Main Street, Suite 215
White Plains, NY 10601
(914) 686-4800

*Attorneys for Defendants*

## TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES ................................................................................................ -iii-

PRELIMINARY STATEMENT .............................................................................................. 1

FACTS RELEVANT TO MOTION ......................................................................................... 5

ARGUMENT ........................................................................................................................... 8

I.   PLAINTIFFS' MOTION FOR A COLLECTIVE ACTION CERTIFICATION
     SHOULD BE DENIED ................................................................................................. 8

     A.  The Standard for the Sending of Notice in this Court ........................................ 8

         1.  The Plaintiffs' Own Declarations, Without Any Supporting Documents
             or Evidence of Similarly Situated Opt-In Plaintiffs, Fail to Satisfy Their
             Burden of Proof ......................................................................................... 12

         2.  The Plaintiffs Have Not Established that Other Putative Collective Action
             Members Subject to the Same Policy Desire to "Opt In" to the Proposed
             Collective Action ....................................................................................... 13

II.  TO THE EXTENT THE COURT DETERMINES NOTICE SHOULD ISSUE,
     PLAINTIFFS' PROPOSED MEANS OF DISTRIBUTION OF THE NOTICE IS
     IMPROPER ............................................................................................................... 17

     A.  First Class Mail is the Best Means of Distribution of the Notice and Consent;
         Posting is Not Warranted .................................................................................. 17

     B.  Plaintiffs' Request for Telephone Numbers and E-Mail Addresses Should
         also be Rejected ................................................................................................ 19

III. IF NOTICE ISSUES, PLAINTIFFS' PROPOSED NOTICE SHOULD BE
     MODIFIED ............................................................................................................... 20

     A.  The "From" Section .......................................................................................... 21

     B.  The "To" Section .............................................................................................. 21

     C.  "Effect of Joining This Action" ....................................................................... 22

     D.  "To Stay Out of the Lawsuit" .......................................................................... 22

Page

E.   "Further Information"................................................................................................. 23

CONCLUSION ........................................................................................................................... 23

## TABLE OF AUTHORITIES

Page

Cases

*Ali v. New York City Health & Hosps. Corp.,*
  2013 WL 1245543 (S.D.N.Y. Mar. 27, 2013) ........................................................ 11

*Arevalo v. D.J.'s Underground, Inc.,*
  2010 WL 4026112 (D. Md. Oct. 13, 2010)............................................................ 20

*Bah v. Shoe Mania, Inc.,*
  2009 WL 1357223 (S.D.N.Y. May 13, 2009)......................................................... 22

*Barfield v. New York City Health and Hosp. Corp.,*
  2005 WL 3098730 (S.D.N.Y. Nov. 18, 2005) ................................................... 10, 15

*Brickey v. Dolgencorp, Inc.,*
  272 F.R.D. 347 (W.D.N.Y. 2011)..................................................................... 15-16

*Campbell v. PriceWaterhouse Coopers, LLP,*
  2008 WL 2345035 (E.D. Cal. June 5, 2008)........................................................... 20

*Colozzi v. St. Joseph's Hospital Health Center,*
  595 F.Supp.2d 200 (N.D.N.Y. 2009) ............................................................... 10, 16

*Davis v. Charoen Pokphand (USA), Inc.,*
  303 F.Supp.2d 1272 (M.D. Ala. 2004) ................................................................. 14

*Diaz v. Elects. Boutique of Am., Inc.,*
  2005 WL 2654270 (W.D.N.Y. Oct. 17, 2005)......................................................... 15

*Dybach v. Florida Dep't of Corrs.,*
  942 F.2d 1562 (11th Cir. 1991)............................................................................ 14

*Eng-Hatcher v. Sprint Nextel Corp.,*
  2009 WL 7311383 (S.D.N.Y. Nov. 13, 2009) ......................................................... 11

*Fernandez v. Wells Fargo Bank, N.A.,*
  2013 WL 4540521 (S.D.N.Y. Aug. 28, 2013) ..................................................... 13, 16

*Guillen v. Marshalls of MA, Inc.,*
  2012 WL 2588771 (S.D.N.Y. July 2, 2012) ......................................................... 9, 11

*Guillen v. Marshalls of MA, Inc.,*
  750 F.Supp.2d 469 (S.D.N.Y. 2010)...................................................................... 16

Page

*Guillen v. Marshalls of MA, Inc.*,
   841 F.Supp.2d 797 (S.D.N.Y. 2012) ................................................................................ 10, 11

*Hoffmann v. Sbarro, Inc.*,
   982 F. Supp. 249 (S.D.N.Y. 1997) .......................................................................................... 8

*Hoffmann-La Roche Inc. v. Sperling*,
   493 U.S. 165 (1989) ............................................................................................... 9, 14, 21

*Iglesias-Mendoza v. LaBelle Farm, Inc.*,
   239 F.R.D. 363 (S.D.N.Y. 2007) ............................................................................................ 9

*Ikikhueme v. CulinArt, Inc.*,
   2013 WL 2395020 (S.D.N.Y. June 3, 2013) ................................................................. 13, 16

*In re Wells Fargo Home Mortg. Overtime Pay Litig.*,
   527 F.Supp.2d 1053 (N.D. Cal. 2007) ................................................................................. 12

*Jenkins v. TJX Cos. Inc.*,
   853 F.Supp.2d 317 (E.D.N.Y. 2012) ..................................................................................... 11

*Khan v. Airport Mgmt. Servs., LLC*,
   2011 WL 5597371 (S.D.N.Y. Nov. 16, 2011) ............................................................ 9, 11, 12

*Kuznyetsov v. West Penn Allegheny Health Sys., Inc.*,
   2009 WL 1515175 (W.D. Pa. June 1, 2009) ................................................................... 17, 19

*Laroque v. Domino's Pizza, LLC*,
   557 F.Supp.2d 346 (E.D.N.Y. 2008) ................................................................................. 8, 10

*Levinson v. Primedia, Inc.*,
   2003 WL 22533428 (S.D.N.Y Nov. 6, 2003) ............................................................. 8, 15, 16

*Lynch v. United Servs. Auto Ass'n*,
   491 F.Supp.2d 357 (S.D.N.Y. 2007) ...................................................................................... 9

*Mares v. Caesars Entm't, Inc.*,
   2007 WL 118877 (S.D. Ind. Jan. 10, 2007) ......................................................................... 12

*Mendoza v. Casa de Cambio Delgado, Inc.*,
   2008 WL 938584 (S.D.N.Y. Apr. 7, 2008) ........................................................................... 11

*Morales v. Plantworks, Inc.*,
   2006 WL 278154 (S.D.N.Y. Feb. 2, 2006) .............................................................................. 8

Page

*Myers v. Hertz Corp.*,
   624 F.3d 537 (2d Cir. 2010) ............................................................................ 9, 10, 13

*Onkuwa v. Federal Express Corp.*
   178 F.R.D. 508 (D. Minn. 1997) ................................................................................ 20

*Prizmic v. Armour, Inc.*,
   2006 WL 1662614 (E.D.N.Y. June 12, 2006) ..................................................... 10, 11

*Realite v. Ark Rests. Corp.*,
   7 F.Supp.2d 303 (S.D.N.Y. 1998) .............................................................................. 8

*Rodgers v. CVS Pharmacy, Inc.*,
   2006 WL 752831 (M.D. Fla. Mar. 23, 2006) ........................................................... 14

*Romero v. Producers Dairy Foods, Inc.*,
   235 F.R.D. 474 (E.D. Cal. 2006) ......................................................................... 17, 18

*Russell v. Wells Fargo & Co.*,
   2008 WL 4104212 (N.D. Cal. 2008) .................................................................... 18, 19

*Scholtisek v. Eldre Corp.*,
   229 F.R.D. 381 (W.D.N.Y. 2005) ........................................................................ 15, 16

*Sexton v. Franklin First Fin., Ltd.*,
   2009 WL 1706535 (E.D.N.Y. June 16, 2009) ........................................................... 15

*Sharer v. Tandberg, Inc.*,
   2006 WL 2988104 (E.D. Va. Oct. 17, 2006) ............................................................ 17

*Silva v. Calle*, LLC,
   2013 WL 6330848 (E.D.N.Y. Dec. 5, 2013) ............................................................ 13

*Sjoblom v. Charter Commc'ns, LLC*,
   2007 WL 4560541 (W.D. Wis. Dec. 19, 2007) ........................................................ 13

*Summa v. Hofstra University*,
   2008 WL 3852160 (E.D.N.Y. Aug. 14, 2008) .......................................................... 20

*Vasquez v. Vitamin Shoppe Indus., Inc.*,
   2011 WL 2693712 (S.D.N.Y. July 11, 2011) ......................................................... 9, 11

## PRELIMINARY STATEMENT

Defendants, Rovini Concrete Corp. ("Rovini Concrete"), Rovini Construction Corp. ("Rovini Construction"), Vincent Zollo ("V. Zollo") and Rosemary Zollo ("R. Zollo") (collectively, "Defendants"), by and through their attorneys, HARRINGTON, OCKO & MONK, LLP, respectfully submit this memorandum of law in opposition to Plaintiffs' Frankie Figueroa ("Figueroa"), Dannion Jordan ("Jordan"), Jamez Leggett ("Leggett"), Lamont Gray ("Gray"), Shawn Parrilla ("Parrilla") and Opt-in Plaintiff Boyd Brown ("Brown") (collectively referred to herein as the "Plaintiffs") motion seeking an Order:

(1)     conditionally certifying Plaintiffs' Fair Labor Standards Act ("FLSA") unpaid overtime claims (Count I) as an FLSA collective action on behalf of all construction laborers who were employed by Defendants in New York at any time since October 13, 2012 to the entry of judgment in this case (the "Collective Action Period");

(2)     approving the Notice of Lawsuit with Opportunity to Join ("Notice") and Consent to Become a Party Plaintiff forms, attached to the Declaration of Brent Pelton ("*Pelton Decl.*") as Exhibit "H" and Exhibit "I", respectively;

(3)     directing Defendants to furnish the Plaintiffs in electronically readable for the names, last known addresses, telephone numbers (including cell phone numbers) and email addresses of all members of the defined class so that Plaintiffs can issue the Notice and requiring that the Notice be posted within Defendants' workplaces;

(4)     approving the deadline reminder notice ("Deadline Reminder") for mailing to the Collective Action Members, attached to the *Pelton Decl.* as Exhibit "J".

Plaintiffs' Complaint dated October 13, 2015 ("Complaint") alleges that Defendants violated Plaintiffs FLSA rights by failing to pay overtime premiums for hours worked in excess of forty (40) hours per week.  See *Pelton Decl.*, Exhibit "A".  In response to Plaintiffs' Complaint, Defendants filed an Answer with Affirmative Defenses ("Answer") denying all material allegations in the Complaint.  A copy of the Defendants' Answer is annexed to the Declaration of Michael W. Freudenberg dated March 22, 2016 ("*Freudenberg Decl.*") as Exhibit "1".

Plaintiffs are former construction laborers employed by Defendant Rovini Concrete during defined periods of time in starting on October 24, 2014 and ending on August 2, 2015. See Declaration of Vincent J. Zollo dated March 22, 2016 ("*Zollo Decl.*"), ¶3, and *Pelton Decl.*, Exhibits "B" thru "G".  The five (5) named Plaintiffs, and the single opt-in Plaintiff, were all employed by Rovini Concrete as laborers, during the following specific periods:

      A.     Frankie Figueroa (Laborer; 10/24/2014 to week ending 8/2/2015)

      B.     Dannion Jordan (Laborer; 1/6/2015 to week ending 8/2/2015)

      C.     Jamez Leggett (Laborer; 10/28/2014 to week ending 2/15/2015)

      D.     Lamont Gray (Laborer; 10/24/2014 to week ending 8/2/2015)

      E.     Shawn Parrilla (Laborer; 2/16/2015 to week ending 7/5/2015)

      F.     Boyd Brown (Laborer; 10/28/2014 to week ending 8/2/2015)

See *Zollo Decl.*, ¶3.

Rovini Concrete is a New York domestic business corporation with an initial Department of State filing date of April 4, 2013.  See *Zollo Decl.*, ¶ 2, and *Freudenberg Decl.*, Exhibit "2". Plaintiffs worked on one or both project locations located at 577 9th Avenue, New York, NY 10036 (the "Hotel Job Site") and a residential building site located at 43 and 44th Streets between

10th and 11th Avenues (the "Residential Job Site").  See *Zollo Decl.* ¶ 4, and *Pelton Decl.*, Exhibits "B" thru "G".

Rovini Construction has no relevance to the allegations in this lawsuit or the named Plaintiffs.  See *Zollo Decl.*, ¶ 2.  Rovini Construction was no longer in existence at all relevant times, as it ceased operating in 2009.  See *Zollo Decl.*, ¶ 2.  None of the Plaintiffs ever worked for Rovini Construction.

Plaintiffs' motion for conditional certification should be denied for three reasons.  First, the five (5) named Plaintiffs and the single opt-in Plaintiff since this action was commenced have failed to show that there other similarly situated potential opt-in Plaintiffs who believe they were not paid overtime premium compensation for hours worked over forty (40) in a given workweek. The twenty-seven (27) Affidavits we have obtained by laborer employees of Rovini Concrete, confirm that they have been properly paid by Rovini Concrete, and clearly undermine Plaintiffs' claims that there are other similarly situated laborer employees.  Second, the evidence offered by Plaintiffs is insufficient to satisfy their evidentiary burden with respect to certification.  Third, Plaintiffs fail to identify any unlawful common policy or plan that applied to the Plaintiffs and a broad collective class of employees.

With only six (6) people coming forward to join the lawsuit, Plaintiffs' motion appears to be an attempt to stir up litigation in search of a class of similarly situated current or former employees where none exits.  Plaintiffs offer no admissible, non-hearsay evidence to establish that they are similarly situated to any other laborers of Rovini Concrete, and their motion for certification of a conditional collective action should be summarily denied.

In the event the Court is inclined to conditionally allow Plaintiffs to proceed as a collective action, which we urge the Court not to do, it is respectfully submitted that the

collective should be limited to construction laborer employees of Rovini Concrete employed at the Hotel Job Site and/or the Residential Job Site, as defined herein, from the period of October 24, 2014 to August 2, 2015. As will be shown herein, such time period represents the earliest start date for any of the Plaintiffs, and the latest employment date for the Plaintiffs. See *Zollo Decl.*, ¶ 3. While Defendants strongly oppose certification of a conditional collective action, in the event the Court is inclined to grant such certification, it is respectfully requested that discovery be limited to laborer employees of Rovini Concrete, who worked at either the Hotel Job Site or the Residential Job Site from the relevant time period of October 24, 2014 to August 2, 2015.

To the extent the Court determines Notice should issue (despite Defendants' strong objection), Plaintiffs' proposed means of distribution of the Notice should be modified. First class mail is the best means of distributing Notice, not other proposed means. It is also respectfully requested that posting of Notices and Consent regarding the lawsuit at the current jobsites or office of Rovini Concrete is unnecessary, as a result of Rovini Concrete being able to provide updated and current contact information for all present employees who would view such Notices.

Finally, if the Court decides Notice should issue, the Notice forms to be distributed should be modified. It is respectfully requested that the Court should direct the parties to meet and confer in good faith to prepare a mutually agreeable notice for joint submission to the Court in advance of any Notice's issuance. The numerous deficiencies in the Plaintiffs' proposed Notice, as well as proposed revisions, are set forth herein.

## FACTS RELEVANT TO MOTION

In response to receiving the Complaint in this matter, counsel for Defendants set up interviews on November 9, 2015 and November 18, 2015, in Brooklyn, New York, to interview predominantly current employees of Rovini Concrete, as well as some former employees who were able to be located, to determine if any such employees had experienced any instances when they were not fully compensated for their regular and overtime hours while an employee at Rovini Concrete. The purpose of such meetings was to determine whether any other employees of Rovini Concrete had similar types of grievances as expressed in the allegations in the Complaint, and in the event compensation was owed, to determine for what time period and how much was owed. As certain employees of Rovini Concrete are Spanish speaking, a Spanish language interpreter named Roy Alberti from International Interpreters, Inc., was available on both days to interpret questions and answers from English to Spanish and Spanish to English, and to translate the resulting Affidavits for the witnesses prior to them signing. See *Freudenberg Decl.,* Exhibit "3".[1]

Annexed to the *Freudenberg Decl.* as Exhibit "4" are true and correct copies of twenty-seven (27) Affidavits executed by current Rovini Concrete employees with the job classification laborer ("Laborer Affidavits"). The Laborer Affidavits confirm that each week employees would receive a paycheck and wage statement confirming their hourly rate, the amount of standard hours worked in the preceding week, their hourly overtime rate at one and ½ times their

---

[1] The Alberti Affidavits reflect that the following interviews were conducted of construction laborers of Rovini Concrete: Angel Alvarez, Samuel Barnwell, Orlando Casado, Luis Castro Jr., Roberto Sabino Concepcion, Dwight Elvery, Oscar A. Flores, Edwin Fonesca, Suresh I. Gangadeen, Samuel Garcia, Eddie Jordan, Cody Krug, Michael McLean, David Miranda, Vaughn Pennicott, Enrique Luis Perez, Samuel Roque Ramos, Miguel Rodriguez, Pablo Rosario, Andrea J. Scagnelli, Robert R. Shelley, Anthony Stuckey, Mariano Tineo, Reinaldo Tirado, Jorge A. Torres, Emerson Vado, and Jimmy Valentine. These individuals have the same job classification as the five Plaintiffs and the one opt-in Plaintiff. All other names of employees with a different job classification have been redacted, as they are no way relevant to the within motion and/or lawsuit.

regular standard time rate, and the amount of overtime hours worked in a given week. *Freudenberg Decl.*, Exhibit "4". Annexed to each one of the Laborer Affidavits as Exhibit A is a true and correct copy of one of their wage statements, which the laborers received from Rovini Concrete on a weekly basis. Each one of the Laborer Affidavits confirm that the laborer employees were provided with a paid 15 minute coffee break each work day. The Laborer Affidavits also confirm that each laborer was provided with one ½ hour lunch break per day, which time was not compensated. See *Freudenberg Decl.*, Exhibit "4".

All 27 of the construction laborers who were interviewed by counsel for Defendants confirmed that they were not aware of any instance in which they were paid less than the amount they were owed by Rovini Concrete for either standard pay or overtime pay. *Freudenberg Decl.*, Exhibit "4". The 27 separate and independent Affidavits signed by such employees completely undermine Plaintiffs' arguments that there are other laborers with similar type grievances as Plaintiffs, who were not properly compensated for work performed as a laborer of Rovini Concrete.

In addition to the Laborer Affidavits, which consist of construction laborers only, there are multiple additional Affidavits obtained from employees of Rovini Concrete who are not classified as construction laborers. These additional Affidavits also affirm that these other workers were also properly compensated for all regular and overtime work during their employment with Rovini Concrete.

As explained in the accompanying Declaration of Rovini Concrete's Vice President, Vincent J. Zollo ("*Zollo Decl.*"), it is difficult for Defendants to identify the actual names of the eighteen (18) laborer employees collectively identified by Plaintiffs as allegedly having advised them that they were not fully compensated for their hours worked while an employee at Rovini

Concrete since only first names or nicknames were provided.   Based upon the limited information provided by Plaintiffs, Defendants have identified laborer employees listed by Plaintiffs as being Dwight Elvery and Jorge Torres.   See *Zollo Decl.*   Mr. Elvery and Mr. Torres have both confirmed in their sworn Affidavits (annexed to the *Freudenberg Decl.* in alphabetical order as Exhibit "4"), that they have been fully and properly compensated by Rovini Concrete for both regular time and overtime worked while employees at Rovini Concrete.   Not only have 100% of the 27 laborer employees interviewed to date signed Affidavits stating under oath that they have been fully compensated by Rovini Concrete for all work performed, but the two laborer employees whom Rovini Concrete could identify from the nicknames provided, both in fact signed sworn statements affirming that they have in fact been properly compensated for all regular and overtime hours worked while employed at Rovini Concrete.   Such evidence completely undermines the veracity of Plaintiffs' self-serving Declarations regarding what these other 18 laborers allegedly told them, who they cannot identify by full name, said to them, and also fatally undercuts Plaintiffs' argument that there are "similarly situated" laborer employees who would opt-in to a conditional class.

Plaintiffs have offered no evidence to establish that they are "similarly situated" to any other construction laborer employees of Rovini Concrete at the hotel job site located at 577 9th Avenue, New York, NY 10036 ("Hotel Job Site"), or the residential job site located at 43rd and 44th Streets between 10th and 11th Avenues, New York, New York ("Residential Job Site").   The claims being made by the individual laborer Plaintiffs are limited to their own individual cases, and can and should be properly handled without the need for a conditional collective action.

## ARGUMENT

## I. PLAINTIFFS' MOTION FOR A COLLECTIVE ACTION CERTIFICATION SHOULD BE DENIED

Plaintiffs have failed to meet their obligation to offer factual evidence that they are similarly situated to the putative collective action members, and that there are similarly situated people who want to "opt-in" to their case. Both requirements are necessary to deter the abuses that too often accompany collective action litigation. In this case, the Plaintiffs have not met either of these requirements.

### A.   The Standard for the Sending of Notice in this Court

In a putative FLSA collective action, district courts have discretion to direct that notice be given to potential class members. *Laroque v. Domino's Pizza, LLC*, 557 F.Supp.2d 346 (E.D.N.Y. 2008); *Morales v. Plantworks, Inc.*, 2006 WL 278154 (S.D.N.Y. Feb. 2, 2006); *Levinson v. Primedia, Inc.*, 2003 WL 22533428 (S.D.N.Y Nov. 6, 2003); *Hoffmann v. Sbarro, Inc.*, 982 F. Supp. 249, 261 (S.D.N.Y. 1997). This discretionary power, however, must only be exercised by Courts in appropriate cases; and the "question, therefore, is . . . whether the 'appropriate' circumstances exist for the Court to exercise its discretion [to authorize notice] in this matter." <u>See</u> *Hoffmann*, 982 F.Supp. at 261; *Realite v. Ark Rests. Corp.*, 7 F.Supp.2d 303, 306 (S.D.N.Y. 1998).

The Court may facilitate notice to other potential opt-in plaintiffs only if it determines that Plaintiffs have demonstrated they are "similarly situated" to those potential opt-in plaintiffs. 29 U.S.C. § 216(b); *Hoffmann*, 982 F.Supp. at 261. Neither the FLSA nor its implementing regulations define the term "similarly situated." *Levinson*, 2003 WL 22533428, at *1. Courts in the Second Circuit, however, have held that to demonstrate that they are similarly situated to putative class members, plaintiffs must make a factual showing sufficient to demonstrate that

they and the potential plaintiffs together were "'victims of a common policy or plan that violated the law'". *Lynch v. United Servs. Auto Ass'n*, 491 F.Supp.2d 357 (S.D.N.Y. 2007) (quoting *Iglesias-Mendoza v. LaBelle Farm, Inc.*, 239 F.R.D. 363, 367-68 (S.D.N.Y. 2007)).

In the Second Circuit, certification of an action under Section 216(b) typically proceeds in two stages -- initially, upon a named plaintiff's preliminary motion for "conditional" certification, and, if that motion is granted, again at the conclusion of discovery, upon a defendant's motion to decertify the action before trial. *Myers v. Hertz Corp.*, 624 F.3d 537, 555 (2d Cir. 2010), *cert. denied*, 132 S.Ct. 368 (2011).

Here, on a conditional certification motion, a district court must determine whether the named plaintiffs have made "a 'modest factual showing' sufficient to demonstrate that [they and other proposed class members] together were victims of a *common* policy or plan that *violated the law.*" *Guillen v. Marshalls of MA, Inc.*, 2012 WL 2588771, at *1 (S.D.N.Y. July 2, 2012) (*"Guillen II*) (Preska, J.) (emphasis added) (quoting *Myers*, 624 F.3d at 555). A court's determination on this issue cannot be "automatic." *Vasquez v. Vitamin Shoppe Indus., Inc.*, 2011 WL 2693712, at *3 (S.D.N.Y. July 11, 2011) (Swain, J.) Rather, it is only *if* the court concludes -- based on a review of the pleadings, affidavits, and other materials on file -- that the plaintiffs have, *in fact,* met their similarly situated burden, that they may "'facilitat[e] notice to potential plaintiffs' of the pendency of the action and of their opportunity to opt-in." *Myers*, 624 F.3d at 554-55 (quoting *Hoffmann-La Roche Inc. v. Sperling*, 493 U.S. 165, 169 (1989)).

Although a plaintiff's burden at the initial certification stage is "modest," it is "not non-existent." *Guillen II*, 2012 WL 2588771, at *2 (emphasis added; quoting *Khan v. Airport Mgmt. Servs., LLC*, 2011 WL 5597371, at *5 (S.D.N.Y. Nov. 16, 2011)). The Second Circuit has made clear that a plaintiff cannot satisfy its burden with "unsupported assertions," such as Plaintiffs

have asserted in their Declarations regarding hearsay evidence of other similarly situated Plaintiffs. *Myers,* 624 F.3d at 555; see also *Zavala v. Wal-Mart Stores, Inc.,* 691 F.3d 527, 536 (3d Cir. 2012).

While the standard is modest for the plaintiff to meet his burden at the first stage of certification, it is not automatic. See *Laroque,* 557 F.Supp.2d at 356 ("Although plaintiffs' burden at this stage of the proceedings is modest, the court cannot justify certifying a class of plaintiffs, likely numbering in the hundreds, on the basis of such thin factual support. Accordingly, plaintiffs' motion for certification is denied with respect to the employees of the Brooklyn Area."); *Prizmic v. Armour, Inc.,* 2006 WL 1662614, at *2 (E.D.N.Y. June 12, 2006) (plaintiff must "provide actual evidence of a factual nexus between his situation and those that he claims are similarly situated rather than mere conclusory allegations. Absent such a showing, an employer may be 'unduly burdened by a frivolous fishing expedition conducted by plaintiff at the employer's expense.'"); *Barfield v. New York City Health and Hosp. Corp.,* 2005 WL 3098730, at *1 (S.D.N.Y. Nov. 18, 2005) (denying conditional certification where plaintiff produced only anecdotal hearsay evidence). This requirement is important to prevent FLSA class actions from merely becoming vehicles for client solicitation by plaintiff at defendants' expense.

Courts "take a measured approach when addressing a request for collective action certification, mindful of the potential burden associated with defending against an FLSA claim involving a broadly defined collective group of plaintiffs." *Colozzi v. St. Joseph's Hospital Health Center,* 595 F.Supp.2d 200, 207 (N.D.N.Y. 2009). See also *Guillen v. Marshalls of MA, Inc.,* 841 F.Supp.2d 797, 803 (S.D.N.Y. 2012) ("*Guillen I*") ("it would be a waste of the [c]ourt's and the litigants' time and resources to notify a large and diverse class only to later determine

that the matter should not proceed as a collective action because the class members are not similarly situated"). Indeed, conditional certification is "not automatic." *Jenkins v. TJX Cos. Inc.*, 853 F.Supp.2d 317, 322 (E.D.N.Y. 2012) (quoting *Vasquez*, 2011 WL 2693712, at *3).

Plaintiffs can satisfy their burden by offering *"actual evidence"* sufficient to demonstrate that they and other class members are similarly situated in respects material to the "allegation that the law has been violated." *Guillen I*, 841 F.Supp.2d at 800-01 (emphasis added), *adopted in full, Guillen II*, 2012 WL 2588771; *Prizmic*, 2006 WL 1662614, at *2. This means that the Plaintiffs must demonstrate a "factual nexus" between their claim and those of the putative class members where such "nexus" is " 'tied' " to, and likely to facilitate common proof concerning, the Plaintiffs' particular theory of FLSA liability. *Guillen I*, 841 F.Supp.2d at 800-01 (quoting *Young v. Cooper Cameron Corp.*, 229 F.R.D. 50, 54 (S.D.N.Y. 2005)). See, e.g., *Khan*, 2011 WL 5597371, at *3 ("modest factual showing" cannot be satisfied "simply by 'unsupported assertions' " (quoting *Myers*); *Ali v. New York City Health & Hosps. Corp.*, 2013 WL 1245543, at *2-3 (S.D.N.Y. Mar. 27, 2013) ("plaintiff must provide actual evidence of a factual nexus between his situation and [the persons] he claims are similarly situated"); *Guillen I*, 841 F.Supp.2d at 801-02 (the similarly-situated standard "[is] not intended to suggest that mere 'allegations' that the proposed class is similarly situated to plaintiff [are] sufficient to obtain certification") (internal citations and quotations omitted); *Eng-Hatcher v. Sprint Nextel Corp.*, 2009 WL 7311383, at *2 (S.D.N.Y. Nov. 13, 2009) (conditional certification denied where plaintiff failed to demonstrate "factual nexus" between her and other employees by "imput[ing] her own limited experience to a nationwide class"); *Mendoza v. Casa de Cambio Delgado, Inc.*, 2008 WL 938584, at *2 (S.D.N.Y. Apr. 7, 2008) (although it is a "liberal standard, conclusory

allegations or lack of a nexus with the putative class will prevent the case from moving forward as a collective action").

In this case, the Court should deny the Plaintiffs' motion for conditional collective action certification because the Plaintiffs have failed to make even a modest factual showing that they are "similarly situated" to a class of other labors.  As evidenced by the 27 Affidavits already obtained by Defendants in this case, Plaintiffs are clearly not "similarly situated" to other laborers of Rovini Concrete.  Plaintiffs have also failed to present non-hearsay, non-conclusory evidence that there are any additional Plaintiffs looking to opt-in.  See, e.g., *Khan*, 2011 WL 5597371 (denying conditional certification where plaintiff presented declarations from herself and three former co-workers whereas employer submitted contrary declarations from 23 employees); *In re Wells Fargo Home Mortg. Overtime Pay Litig.*, 527 F.Supp.2d 1053, 1061 (N.D. Cal. 2007) (employer's declarations "indicate a certain degree of variability from one [putative class member] to the next that the court *must take into account when determining whether ... collective action certification is appropriate*") (emphasis added).

> 1.    **The Plaintiffs' Own Declarations, Without Any Supporting Documents or Evidence of Similarly Situated Opt-In Plaintiffs, Fail to Satisfy Their Burden of Proof**

To support their motion to certify a conditional class comprised of current and former laborer employees, the Plaintiffs rely upon the allegations of the Complaint, submit their own declarations, and nothing more.  Plaintiffs attach no exhibits to their Declarations in support of the claims raised in the lawsuit and mentioned in their Declarations.  Every portion of their Declarations that relies upon alleged conversations with others, hearsay statements and conclusory statements that they are "similarly situated" to others, should be disregarded.  See, e.g., *Mares v. Caesars Entm't, Inc.*, 2007 WL 118877, at *3 (S.D. Ind. Jan. 10, 2007) (collecting

cases and holding that plaintiffs' affidavits " 'based upon conversations with others' " were "insufficient to establish personal knowledge"); *Sjoblom v. Charter Commc'ns, LLC*, 2007 WL 4560541, at *10 (W.D. Wis. Dec. 19, 2007) (holding affidavits in connection with class certification to same standard as summary judgment, namely that an "affiant must testify about what he observed himself and not speculate about what he thinks happened"). The Plaintiffs have not produced the "modest showing" necessary to meet their burden of proof.

Plaintiffs' unsupported, conclusory declarations are "exactly the type of 'unsupported assertion that, according to the Second Circuit, 'cannot. . .satisf[y]' a plaintiff's burden at the preliminary certification stage." *Ikikhueme v. CulinArt, Inc.*, 2013 WL 2395020, at *2 (S.D.N.Y. June 3, 2013) (quoting *Myers*, 624 F.3d at 554). See also *Silva v. Calle, LLC*, 2013 WL 6330848, at *2 (E.D.N.Y. Dec. 5, 2013) ("Affidavits containing class allegations that [are] not made on personal knowledge, but instead based on information or belief are not sufficient to make the required factual showing of a common plan or policy") (internal quotations omitted); *Fernandez v. Wells Fargo Bank, N.A.*, 2013 WL 4540521, at *8 (S.D.N.Y. Aug. 28, 2013) (declaration stating that plaintiff "was aware of" similarly situated individuals was insufficient evidence because it lacked specificity as to dates or the identity of any of the individuals who were allegedly subjected to a common policy).

### 2. The Plaintiffs Have Not Established that Other Putative Collective Action Members Subject to the Same Policy Desire to "Opt In" to the Proposed Collective Action

In addition to properly supporting their motion with admissible evidence, which the Plaintiffs have failed to do, the Plaintiffs must also offer evidence that putative collective action members want to "opt in" to this action, not just that they are eligible to. The Plaintiffs have made no showing whatsoever in this regard. Deterring the class action abuse identified in

*Hoffman-La Roche*, strongly favors requiring the Plaintiffs to offer evidence (beyond their own surmise) that others want to participate in their case. *See*, *e.g.*, *Dybach v. Florida Dep't of Corrs.*, 942 F.2d 1562, 1567-68 (11th Cir. 1991) ("Before determining to exercise [its] power [to approve notice to potential plaintiffs], the district court should satisfy itself that there are other employees ... who desire to 'opt-in' and who are 'similarly situated'...").

Evidence of other employees who desire to "opt in" may be based on affidavits from those aggrieved individuals, consents to join in the lawsuit, or expert evidence on the existence of other similarly situated employees. *See Davis v. Charoen Pokphand (USA), Inc.*, 303 F.Supp.2d 1272, 1277 (M.D. Ala. 2004). Here, Plaintiffs have provided no such affidavits or consents from any additional laborer employees who want opt-in to the case. No expert evidence on the existence of other similarly situated employees exist. Plaintiffs' conversations with other laborer employees, who Plaintiffs allege advised they were not properly paid premium overtime compensation, should not be a basis for determining whether putative collective action members exist. *See Rodgers v. CVS Pharmacy, Inc.*, 2006 WL 752831, at *3 (M.D. Fla. Mar. 23, 2006) ("Certification of a collective action and notice to a potential class is not appropriate to determine whether there are others who desire to join the lawsuit."). First, not one of the 18 employees has submitted an affidavit in support of this motion. Second, Plaintiffs have failed to provide sufficient information to identify these 18 employees. Third, the two individuals whom Defendants have been able to identify as laborers working for Rovini Concrete from the scant information provided by Plaintiffs, have both submitted Affidavits affirming that they have been properly compensated throughout the time period they worked as an employee of Rovini Concrete. *See Zollo Dec.*, ¶ 9, and *Freudenberg Decl.*, Exhibit "4".

In determining whether the named plaintiff and the putative collective action members are similarly situated, "[t]he critical showing is whether these employees were subject to the same policy or practice alleged to be in violation of the FLSA." *Sexton v. Franklin First Fin., Ltd.*, 2009 WL 1706535 (E.D.N.Y. June 16, 2009).  It is not enough that plaintiffs allege that they have been subjected to a policy or practice that violates the law; they must demonstrate that others have been subjected to this policy or practice. *Id.; Scholtisek v. Eldre Corp.*, 229 F.R.D. 381, 387 (W.D.N.Y. 2005).  Where plaintiffs have neither identified a policy that violates the law nor demonstrated that the policy or practice was common to others they seek to represent, the case cannot proceed collectively, and must proceed on an individual basis. See *Levinson v. Primedia, Inc.*, 2003 WL 22533428, at *4-5 (S.D.N.Y. Nov. 6, 2003) (denying motion for conditional certification and noting, "[w]hile plaintiffs have provided factual assertions in support of the claim...that they were deprived of a minimum wage and overtime rates, they have failed to make a sufficient showing that the same was true for other potential plaintiffs.")  Where the alleged violation requires individualized factual determinations, class members cannot be "similarly situated."  See <u>Diaz v. Elects. Boutique of Am., Inc.</u>, 2005 WL 2654270, *13-15 (W.D.N.Y. Oct. 17, 2005) (finding plaintiffs were not "similarly situated" to those they sought to represent based on the existence of individual inquiries needed to resolve plaintiffs' exempt status); *Barfield v. N.Y.C. Health and Hosp. Corp.*, 2005 WL 3098730 (S.D.N.Y. Nov. 18, 2005) (denying motion for conditional certification where plaintiff failed to produce evidence demonstrating widespread violation of FLSA).  Under these circumstances, the Plaintiffs here have not demonstrated that they are similarly situated to the putative collective action members.

Plaintiffs' motion should also be denied because of a failure to identify a common policy or plan at Rovini Concrete that violates the law. *Brickey v. Dolgencorp, Inc.*, 272 F.R.D. 347

(W.D.N.Y. 2011) (quoting *Scholtisek*, 229 F.R.D. at 387). See also *Guillen v. Marshalls of MA, Inc.*, 750 F.Supp.2d 469, 475 (S.D.N.Y. 2010). In this case, the only relevant evidence set forth by Plaintiffs is in their own Declarations, which describe their own experience. Plaintiffs have made no link between their own experience and common policy. Ultimately, Plaintiffs' bald assertions alone simply fail to provide sufficient evidence to support conditional certification.

Even assuming *arguendo* that the Plaintiffs may successfully provide factual assertions in support of their claim, Plaintiffs must establish that the same holds true for any other potential collective action members. Otherwise, Plaintiffs' "similarly situated" showing is inadequate. See *Levinson v. Primedia, Inc.*, 2003 WL 22533428, at *2. In *Levinson*, the plaintiffs failed to demonstrate that the putative members of the collective action suffered the same wrongs they did.

Courts in the Second Circuit have repeatedly declined to authorize collective action notice when presented with even more evidence than Plaintiffs have offered here, finding it to be too lacking to support certification of a broad class. See *Fernandez*, 2013 WL 4540521, at *5, 9 (declarations from three individuals in New York and a handful of internal documents, all of which failed to cite any specific or concrete directive that showed unlawful activity, were not evidence of a common unlawful policy); *Ikikhueme*, 2013 WL 2395020, at *2 (conditional certification denied where plaintiff failed to put forward any evidence regarding similarly situated individuals); *Guillen*, 750 F.Supp.2d at 475 (where plaintiffs' burden was to show that employees were required to perform non-managerial job duties in contravention of a formal job description, affidavits from 5 assistant store managers representing 9 of 820 Marshalls stores were insufficient to support conditional certification); *Colozzi*, 595 F.Supp.2d at 208 (conditional

certification denied because plaintiff "failed to make even a modest showing" that other workers were similarly situated).

## II.    TO THE EXTENT THE COURT DETERMINES NOTICE SHOULD ISSUE, PLAINTIFFS' PROPOSED MEANS OF DISTRIBUTION OF THE NOTICE IS IMPROPER

As set forth in more detail below, should the Court determine that Notice and Consent to Become a Party Plaintiff ("Consent") should be distributed, they should be sent by first-class mail only.  Posting the Notice and Consent forms in Rovini Concrete's office and present job sites is both intrusive and unnecessary.

Moreover, Plaintiffs have no need for telephone numbers, and there is no reason to invade the privacy of Defendant Rovini Concrete's current and former employees by requiring that it disclose this information.   Should the Court nonetheless order disclosure of this information, it should do so only upon entry of a protective order, which directs Plaintiffs to use this information solely for the purpose of running " 'reverse directory checks for putative [collective action] members with outdated addresses and not to make calls to prospective [collective action] members.'"  *Kuznyetsov v. West Penn Allegheny Health Sys., Inc.*, 2009 WL 1515175, at *6 (W.D. Pa. June 1, 2009).

### A.    First Class Mail is the Best Means of Distribution of the Notice and Consent; Posting is Not Warranted

"First class mail is ordinarily sufficient to notify [collective action] members who have been identified."  *Romero v. Producers Dairy Foods, Inc.*, 235 F.R.D. 474, 492-93 (E.D. Cal. 2006) (citation omitted).  See also *Sharer v. Tandberg, Inc.*, 2006 WL 2988104, at *3 (E.D. Va. Oct. 17, 2006) ("Defendant will not be required to grant Plaintiffs access to their facilities to post notice of suit, as proper notice can be given by first-class mail.").  Where first-class mail is deemed unreliable, courts have concluded that additional means of notice, such as posting in the

workplace, may be necessary. See, e.g., *Romero*, 235 F.R.D. at 492-93 (concluding on the facts before it that first class mail alone entailed "some risk" that potential collective action members would not receive notice, and therefore, directing posting as well). Plaintiffs have made no showing that first class mail is "unreliable" and their request for posting should be denied for four reasons.

First, for current employees, Rovini Concrete clearly has up-to-date address information. *Russell v. Wells Fargo & Co.*, 2008 WL 4104212, at *5 (N.D. Cal. 2008) ("defendant, however, is unlikely to have obsolete contact information for its current employees"). There is no reason to believe current employees will not receive the forms sent by first class mail. Moreover, posting the Notice and Consent at Rovini Concrete's office and project sites adds very little (if anything) for current employees. Further, whatever is gained by posting will already be accomplished by mailing, as current addresses are available for current employees.

Second, as evidenced by the Affidavits of 27 current laborer employees who would be in a position to possibly see the Notice and Consent, these employees have already submitted sworn statements advising that they have been properly compensated for their standard and overtime hours worked while employed by Rovini Concrete. See Laborer Affidavits attached to the *Freudenberg Decl.* as Exhibit "4".

Third, posting the Notice and Consent is meaningless for former employees because of just that -- they are former employees and will not see anything posted in Rovini Concrete's office and current project sites. For former employees, this posting accomplishes nothing and the only reasonable way to reach them is by first class mail. *Russell,* 2008 WL 4104212, at *5 ("posting notice in the workplace or distributing it via the payroll system will do nothing to notify those [collective action] members who are no longer employed by defendant.")

Fourth, Plaintiffs have set forth no reason why distribution of the Notice and Consent should not follow the "usually sufficient" procedure of first class mail and none exists. See, e.g., *Kuznyetsov*, 2009 WL 1515175 at *6 (rejecting plaintiffs' request to post notice and opt-in forms at defendants' locations and finding that "first class mail is appropriate as the sole form of notice") (emphasis added); *Russell*, 2008 WL 4104212, at *4 (court denied request for an order requiring defendant to post notice in work locations and to distribute the notice through the payroll system and held that: "[t]he Court also finds that providing notice by first class mail will be sufficient to assure that potential collective action members receive actual notice of this case.")

**B.     Plaintiffs' Request for Telephone Numbers and E-Mail Addresses Should also be Rejected**

Plaintiffs' request for telephone numbers and e-mail addresses of putative collective action members should also be rejected.  Privacy concerns militate against disclosure of this information.  See, e.g., N.Y. Lab. Law § 203-d ("[a]n employer shall not unless otherwise required by law: [c]ommunicate an employee's [telephone number] to the general public.") Indeed, the production of telephone numbers and e-mail addresses should be considered only if Plaintiffs can demonstrate, that less intrusive contact information (name and address) is insufficient to locate potential collective action members. Plaintiffs have not done this and therefore such request should be denied.  If the Court orders disclosure of this information, it should do so only upon entry of a protective order that directs Plaintiffs to use this information solely for the purpose of running reverse directory checks for putative members with outdated addresses and not to make calls to prospective collective action members.

It is unnecessary and inappropriate for Defendants to produce the putative class members' telephone numbers. The Notice will be sent by first class mail.   No telephone calls will be

necessary.  See, e.g., *Arevalo v. D.J.'s Underground, Inc.*, 2010 WL 4026112, at *7 (D. Md. Oct. 13, 2010) (denying plaintiffs' motion to compel defendants to produce phone numbers for the putative plaintiffs); *Campbell v. PriceWaterhouse Coopers, LLP*, 2008 WL 2345035, at *7-8 (E.D. Cal. June 5, 2008) (holding that telephone numbers should not be released unless notification of putative plaintiffs by first class mail is insufficient).  These individuals have a reasonable expectation that personal information such as home addresses, phone numbers, locations of employment and dates of employment will be kept confidential by their employer. *Onkuwa v. Federal Express Corp.* 178 F.R.D. 508, 516 (D. Minn. 1997) (noting that even if relevant, "courts have been reluctant to permit discovery when the requested disclosures would intrude upon the privacy interests of other non-party employees").

Since Plaintiffs have not demonstrated any need for additional information in the form of telephone numbers and personal email addresses, Defendants should not be obligated to produce such information. *Summa v. Hofstra University,* 2008 WL 3852160, at *7 (E.D.N.Y. Aug. 14, 2008) (ordering defendant to produce the names and last known addresses of individuals employed by defendant university as graduate assistants within the last 3 years, but denying plaintiffs' request for e-mail addresses, social security numbers and dates of employment of each person; "plaintiff provides no justification regarding her request for additional information.").

## III.   IF NOTICE ISSUES, PLAINTIFFS' PROPOSED NOTICE SHOULD BE MODIFIED

As discussed above, the Plaintiffs have failed to meet their burden of proving that they and the proposed collective action members are similarly situated.  Indeed, the strong weight of available evidence clearly demonstrates that proposed collective action members are not similarly situated.  Accordingly, Plaintiffs' request to send Notice and Consent to putative collective action members should be denied.

To the extent the Court disagrees, the Notice and Consent forms to be distributed should be modified. It is respectfully requested that the Court direct the parties to meet and confer in good faith to prepare a mutually agreeable notice for joint submission to the Court in advance of any notice's issuance. The purpose of the notice is not to drum up business for the Plaintiffs' counsel, but rather to give putative collective action members "accurate and timely notice concerning the pendency of the collective action, so that they can make informed decisions about whether to participate." *Hoffmann-La Roche*, 493 U.S. at 170.

### A.    The "From" Section

There is no need to indicate that the Notice is from Plaintiffs' counsel, Pelton & Associates. See *Pelton Decl.*, Exhibit "H". Plaintiffs' counsel is identified later in the Notice, and additional references to that firm create the impression among the recipients that they are required to use Pelton & Associates, as opposed to proceeding *pro se* or with other counsel. Thus, that section should be deleted.

### B.    The "To" Section

The Notice and Consent should not be sent to "[a]ll current and former construction laborers who worked for Defendants as construction laborers at any time on or after October 13, 2012 to _____." See *Pelton Decl.*, Exhibit "H". As explained in the *Zollo Decl.*, Rovini Construction has not been in operation since 2009, and has no relevance to the allegations in this lawsuit. See *Zollo Decl.*, ¶ 2. Rovini Concrete did not start operating until October 2014. See *Zollo Decl.*, ¶ 2. The earliest start date of employment for any of the Plaintiffs with Rovini Concrete is October 24, 2014, and the latest date is August 2, 2015. See *Zollo Decl.*, ¶ 3. The Plaintiffs worked on one or both project locations known as the Hotel Job Site, and/or the Residential Job Site. See *Zollo Decl.*, ¶ 4. None of them worked at any other Rovini Concrete

project.  While Defendants strongly oppose certification of a conditional collective action, in the event the Court is inclined to grant such certification, it is respectfully requested that the period be limited to October 24, 2014 to August 2, 2015 for laborer employees of Rovini Concrete, who worked at either the Hotel Job Site or the Residential Job Site only.  Laborer employees who worked on different project sites and times outside of such period, are not "similarly situated" to the Plaintiffs.

Second, the "To" line should reflect that the Notice is only for those laborer employees who believe they were not paid overtime premium compensation for hours worked over forty (40) in a given workweek.  Putative collective action members have no claim and no right of recovery, unless they worked in excess of 40 hours in any given week, and were not properly paid for overtime worked.

### C.    "Effect of Joining This Action"

This section of the Notice fails to advise recipients of their potential role in discovery and trial.  See *Pelton Decl.*, Exhibit "H".  This is information recipients should be advised of when making a decision on whether or not to opt-in.  See *Bah v. Shoe Mania, Inc.*, 2009 WL 1357223, at *4 (S.D.N.Y. May 13, 2009) ("Plaintiff must modify the notice to inform the potential plaintiffs that, if they opt in, they may be asked to (1) appear for depositions; (2) respond to written discovery; (3) testify at trial. . . .").

### D.    "To Stay Out of the Lawsuit"

Only the mechanics of how to stay out of the lawsuit need be explained here.  Advocacy or advice from Plaintiffs' counsel on statutes of limitations and accrual of claims is not necessary.

**E.      "Further Information"**

Finally, the disclaimer paragraph stating that the Court has taken no position in this case should be moved from the last page of the Notice to the first page.   See *Pelton Decl.*, Exhibit "H", § IX.   Specifically, the disclaimer paragraph states as follows:

> "THIS NOTICE AND ITS CONTENTS HAVE BEEN AUTHORIZED BY THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK, THE HONORABLE THOMAS P. GRIESA, UNITED STATES DISTRICT JUDGE.  THE COURT HAS TAKEN NO POSITION IN THIS CASE REGARDING THE MERITS OF THE PLAINTIFF'S CLAIMS OR OF THE DEFENDNATS' DEFENSES.
>
> DO NOT TELEPHONE THE COURT REGARDING THIS NOTICE."

*Pelton Decl.*, Exhibit "H", § IX

Since the Notice contains the caption for this action, recipients should be notified that this does not indicate the Court supports or endorses the allegations made by Plaintiffs at the beginning of the Notice.  Putting this disclaimer at the end of the Notice informs recipients of this too late.

## CONCLUSION

For the foregoing reasons, as well as in the accompanying Declarations of Michael W. Freudenberg and Vincent Zollo, Defendants respectfully request that: (1) the Plaintiffs' Motion be denied in its entirety or, in the alternative (2) if the Court grants the Plaintiffs' Motion, that (a) the putative collective action be limited to those current and former construction laborer employees who were employed by Rovini Concrete at the Hotel Job Site or the Residential Job Site during the period of Plaintiffs' employment (October 24, 2014 to August 2, 2015); (b) only the names and addresses (but not telephone numbers) of putative collective action members be disclosed (or if telephone numbers are disclosed, the protective order previously discussed be imposed); (c) the Plaintiffs' request to post the Notice and Consent in Rovini Concrete's office

and job sites be denied; and (d) a joint modified Notice and Consent be sent to the putative collective action members, as set forth herein.

Dated: White Plains, New York
      March 22, 2016

                    Yours etc.,


                      s/ Michael W. Freudenberg
By:_____
                  Kevin J. Harrington [KH-5027]
                  Michael W. Freudenberg [MF-4425]
                  HARRINGTON, OCKO & MONK, LLP
                  *Attorneys for Defendants*
                  81 Main Street, Suite 215
                  White Plains, New York 10601
                  Tel. (914) 686-4800
                  Fax (914) 686-4824
                  kharrington@homlegal.com
                  mfreudenberg@homlegal.com

TO:

Brent E. Pelton
Taylor B. Graham
PELTON & ASSOCIATES PC
*Attorneys for Plaintiffs*
111 Broadway, Suite 1503
New York, New York 10006
Tel. (212) 385-9700
Fax (212) 385-0800
pelton@peltonlaw.com
graham@peltonlaw.com