UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

FRANKIE FIGUEROA, DANNION JORDAN,
JAMEZ LEGGETT, LAMONT GRAY, and
SHAWN PARRILLA,
                      Plaintiffs,

- against -

ROVINI CONCRETE CORP.,
ROVINI CONSTRUCTION CORP.,
VINCENT ZOLLO, and ROSEMARY ZOLLO,

                      Defendants.

MEMORANDUM
OPINION AND ORDER

15-CV-8058 (RLE)

**RONALD L. ELLIS, United States Magistrate Judge:**

On August 4, 2016, the Court held a settlement conference with the Parties. The Court provided a recommendation for settlement during a telephonic conference on August 10, 2016. The Parties accepted the Court's recommendation on August 12, 2016. On September 14, 2016, the Parties consented to the jurisdiction of the undersigned. (Doc. No. 39.) In accordance with *Cheeks v. Freeport Pancake House, Inc.*, 793 F.3d 199 (2d Cir. 2015), if a settlement in a Fair Labor Standards Act ("FLSA") case is to take effect, the Court must first review and scrutinize the agreement to ensure that it is fair. The Court ordered the Parties to file the terms of the settlement agreement, a joint letter explaining why the proposed settlement is fair and reasonable, and an explanation of the reasonableness of the attorneys' fees sought. On October 27, 2016, the Parties submitted the requisite documents for approval. For the reasons that follow, their request for approval of the settlement agreement is **DENIED.**

Courts in this district have held that FLSA settlements may not be confidential and must be posted on the public docket. *Lopez v. Nights of Cabiria, LLC*, 96 F. Supp. 3d 170, 177 (S.D.N.Y. 2015). It follows that "the overwhelming majority of courts ... reject the proposition

that FLSA settlement agreements can be confidential." *Id.* (quoting *Armenta v. Dirty Bird Group, LLC,* No. 13-CV-4603 (WHP), 2014 WL 3344287, at *2 (S.D.N.Y. June 24, 2014)). "Such clauses can be contrary to public policy because they prevent the spread of information about FLSA actions to other workers … who can then use that information to vindicate their statutory rights." *Lopez v. Ploy Dee Inc.,* No. 15-CV-647 (AJN), 2016 WL 1626631, at *3 (S.D.N.Y. Apr. 21, 2016) (internal citations omitted). Further, the Second Circuit observed that confidentiality provisions may be "'in strong tension with the remedial purposes of the FLSA.'" *Cheeks v. Freeport Pancake House, Inc.,* 796 F.3d 199, 206 (2d Cir. 2015) (quoting *Nights in Cambria,* 96 F. Supp. 3d at 177.)

The settlement agreement submitted for review in this case has not been submitted on the public docket and contains a confidentiality provision. While the agreement allows Plaintiffs to discuss their claims and the facts pertaining to their claims, Plaintiffs are prohibited from "discuss[ing] or disclos[ing] the specific terms of th[e] settlement, except with family members and their counsel, accountants and financial advisors, if any." The agreement further requires that if "contacted by any party seeking information regarding the settlement or its terms," Plaintiffs or Plaintiffs' counsel must respond with "'no comment'" or by "inform[ing] the inquiring party that 'the matter has been resolved', without further discussion of the details." The Court therefore rejects the settlement as it stands because it contains a confidentiality provision that is contrary to the policy behind the FLSA.

In addition, courts in this District have rejected proposed settlement agreements that contain general, broad releases that include "unknown claims and claims that have no relationship whatsoever to wage-and-hour issues." *Lopez v. Nights of Cabiria,* 96 F. Supp. 3d 170, 181 (S.D.N.Y. 2015) (quoting *Moreno v. Regions Bank,* 729 F. Supp. 2d 1346, 1351 (M.D.

Fla. 2010) ("[A]n employer is not entitled to use [an] FLSA claim ... to leverage a release from liability unconnected to the FLSA")); *see also Lazaro-Garcia v. Sengupta Food Services*, No. 15-CV-4259 (RA), 2015 WL 9162701, at *2 (S.D.N.Y. Dec. 15, 2015) (quoting *Flood v. Carlson Restaurants Inc.*, No. 14-CV-2740 (AT) (GWG), 2015 WL 4111668, at *2 (S.D.N.Y. Jul. 6, 2015) ("These provisions are 'too sweeping to be 'fair and reasonable' and so must be rejected'")); *Flores-Mendieta v. Bitefood Ltd.*, 15-CV-4997 (AJN), 2016 WL 1626630, at *2 (S.D.N.Y. Apr. 21, 2016). The Second Circuit recognized how general releases are illustrative of "the potential for abuse in such settlements...underscor[ing] why judicial approval in the FLSA setting is necessary." *Cheeks,* 796 F.3d at 206 (citing *Nights of Cabiria*, 96 F. Supp 3d at 170).

The settlement agreement submitted for review in this case contains such an overbroad general release. The agreement requires Plaintiffs to "voluntarily release and forever discharge Defendants...from any and all claims...which in any way arise out of their employment by Defendants." Such a release confers an "uncompensated, unevaluated and unfair benefit[]" on Defendants. *Nights of Cabiria*, 96 F. Supp. 3d at 181. The Court therefore rejects the proposed settlement as submitted on the additional basis that it contains a general release.

The Parties may refile the settlement and letter, curing the defects described above, by **January 31, 2017**. The Parties shall file the proposed settlement agreement on ECF. Failure to do so will result in the Court setting pretrial deadlines for this action.

**SO ORDERED this 18 day of January 2017.**
**New York, New York**

*signature*

**The Honorable Ronald L. Ellis**
**United States Magistrate Judge**

3