## SETTLEMENT AGREEMENT AND WAGE AND HOUR RELEASE

**THIS SETTLEMENT AGREEMENT AND WAGE AND HOUR RELEASE** ("Agreement") is entered into by and between **Frankie Figueroa** ("Figueroa"), **Dannion Jordan** ("Jordan"), **Jamez Leggett** ("Leggett"), **Lamont Gray** ("Gray"), **Shawn Parrilla** ("Parrilla") and **Boyd Brown** ("Brown" together with Figueroa, Jordan, Leggett, Gray and Parrilla, and their respective heirs, administrators, representatives, successors and assigns the "Plaintiffs"), individually, and **Rovini Concrete Corp.** ("Rovini Concrete"), **Rovini Construction Corp.** ("Rovini Construction" and, together with Rovini Concrete, the "Corporate Defendants") and their respective subsidiaries, affiliated, and parent companies, predecessors, successors and assigns, as well as their past or present officers, directors, agents, representatives, insurers, employer organizations, or employees, and **Vincent Zollo** ("V. Zollo") and **Rosemary Zollo** ("R. Zollo," and, together with V. Zollo and their respective heirs, administrators, representatives, successors and assigns, the "Individual Defendants," and, collectively with the Corporate Defendants, the "Defendants"), individually.

**WHEREAS**, Plaintiffs commenced a lawsuit in the United States District Court for the Southern District of New York under docket number 15-cv-08058 (the "Action"), alleging violations of the New York State Labor Law and the Fair Labor Standards Act;

**WHEREAS**, Defendants deny any and all claims of wrongdoing and/or allegations of misconduct or other liability to Plaintiffs or others that are contained in Plaintiffs' Action;

**WHEREAS**, Defendants desire to fully and finally resolve and settle in full all claims against Defendants raised in the Complaint and any other claims related to their employment with Defendants; and

**WHEREAS**, the parties elected to resolve this matter by the terms of this Agreement rather than bear the time and expense of further litigation, including possible trial;

**NOW THEREFORE**, in consideration of the mutual promises and releases contained herein, and for other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, and intending to be legally bound hereby, the Parties agree as follows:

1. **Settlement.**

   (a) In consideration for Plaintiffs' release of claims as provided in paragraph 2, Defendants agree to pay to Plaintiffs the total settlement amount of twenty-eight thousand dollars ($28,000.00) (the "Settlement Amount"), consisting of seventeen thousand nine hundred and eighty-seven dollars and fifty-six cents ($17,987.56) and ten thousand and twelve dollars and forty-four cents ($10,012.44) (including $1,018.67 expense reimbursement and $8,993.77 in reasonable attorneys' fees), to be delivered to Pelton Graham LLC, 111 Broadway, Suite 1503, New York, New York 10006, within twenty (20) business days following the Court approving the terms of the settlement, in the following manner:

   One check payable to Pelton Graham LLC (EIN #26-4348239) in the amount of $10,012.44; two checks payable to Frankie Figueroa in the total amount of $3,237.76;

    two checks payable to Dannion Jordan in the total amount of $4,092.17; two checks payable to Jamez Leggett in the total amount of $2,023.60; two checks payable to Lamont Gray in the total amount of $3,237.76; two checks payable to Shawn Parrilla in the total amount of $2,248.45; and two checks payable to Boyd Brown in the total amount of $3,147.82.

(b) The foregoing total amounts to each Plaintiff shall be divided into two checks as follows: 50% of the amount to each Plaintiff shall be deemed to constitute payment for alleged lost wages and, therefore, shall be subject to statutory payroll deductions/withholdings, which Defendants shall make. An IRS form W-2 shall be issued to Plaintiffs for this amount. The remaining 50% of the amount to each Plaintiff shall be deemed to constitute payment for alleged liquidated damages and, therefore, shall not be subject to statutory payroll deductions/withholdings. An IRS form 1099 shall be issued to each Plaintiff for this amount. Plaintiffs shall execute and deliver to attorneys for Defendants all documents necessary to effect this settlement, including seven IRS form W-9s, six executed by Plaintiffs and the seventh by Pelton Graham LLC and six IRS form 1099's. An additional IRS form 1099 shall be issued to Pelton Graham LLC and Plaintiffs for the amount allocated to attorneys' fees and costs ($10,012.44). The foregoing checks and IRS forms shall all be delivered to Plaintiffs' counsel for distribution to Plaintiffs.  Plaintiffs agree to be solely responsible for both the tax treatment which they give to the payments they receive hereunder and the tax treatment which they receive from the IRS concerning these payments.  Defendants are not responsible and are indemnified and held harmless by Plaintiffs for the tax treatment which is given to these payments pursuant to the terms of this Settlement Agreement.

(c) In the event Defendants fail to pay the Settlement Payment when due as set forth in paragraph (1)(a) above, Plaintiffs' counsel shall send a notice of default to Defendants' counsel via US Mail and e-mail. Defendants shall have ten (10) business days from the date of said notice to cure any such default (the "Cure Period"). In the event that payment is not made within the Cure Period, Plaintiffs will be free to seek enforcement of the Settlement Agreement in the United States District Court for the Southern District of New York.

    **2.**    **<u>Wage and Hour Release</u>.**

In consideration for the Settlement Payment, which Plaintiffs acknowledge to be good and valuable consideration, Plaintiffs knowingly and voluntarily release and forever discharge Defendants, and any of their parents, subsidiaries, and related companies, and any of their past and present directors, managers, officers, shareholders, owners, partners, employees, agents, attorneys and servants, successors and assigns, and V. Zollo and R. Zollo, personally and each of their respective predecessors, heirs, executors, representatives, administrators, successors and assigns, from any and all liability, actions, claims, damages, expenses or costs of whatever nature, including attorneys' fees and costs, related to or arising out of all claims relating to any and all federal, state, or local wage and hour law claims that were alleged, or could have been alleged, in Plaintiffs' Complaint (collectively, the "Settled Claims"). This release includes claims under the New York Labor Law, including claims for wages, liquidated damages, interest and attorneys' fees, for wage notice and wage statement violations, and claims relating to, or arising under, any other federal,

state, or local statute or regulation that concerns hours worked or payment of wages, including the Fair Labor Standards Act.

### 3. Representations and Warranties.

The Parties each represent, warrant to and agree with the other as follows:

(a) The terms of this Agreement are contractual and are the result of negotiations between the Parties and each party has given consideration in return for having received consideration due to concessions and good faith bargaining by both Plaintiffs and Defendants as to the terms of the settlement;

(b) This Agreement has been carefully read by each of the Parties after consultation with their respective attorneys or advisors to the extent they deem appropriate and the contents hereof are known to and understood by each of the Parties. It is signed freely on an informed basis and with due authority by each Party executing this Agreement and is binding and enforceable in accordance with its terms;

### 4. Voluntary Dismissal with Prejudice.

(a) Plaintiffs hereby authorize and direct their attorney, upon their execution of this Agreement, to execute and file with the United States District Court for the Southern District of New York, a Stipulation of Discontinuance with Prejudice in this action in the form annexed hereto as Exhibit A. Such Stipulation shall be filed by counsel for Plaintiffs immediately after court approval of this settlement.

(b) Plaintiffs hereby authorize and direct their attorneys to dismiss the action with prejudice.

### 5. Non-Admission.

This Agreement shall not be construed as an admission by either Party of any wrongdoing or liability of whatever nature. Defendants do not admit to liability or to the suitability of the current action for class or collective litigation, both of which are expressly denied.

### 6. Applicable Law.

This Agreement shall be governed by, interpreted, constructed and enforced in accordance with the laws of the State of New York.

### 7. No Other Representations or Agreements.

Each party acknowledges that, except as expressly set forth herein, no representations of any kind or character have been made by any other party or parties, agents, representatives, or attorneys, to induce the execution of this Agreement. This Agreement constitutes a single integrated contract expressing the entire agreement of the parties hereto. There is no other agreement or understanding, written or oral, expressed or implied, among the parties hereto

concerning the subject matter hereof, except the agreements set forth in this Agreement. This Agreement constitutes and contains the entire agreement among the parties, and supersedes and replaces all prior negotiations and all agreements, proposed or otherwise, written or oral, concerning the subject matter hereof.

8. **No Modification Except in Writing.**

This Agreement cannot be modified or changed except by writing, signed by the parties, with specific reference to this Agreement.

9. **Execution in Counterpart.**

This Agreement may be executed in counterpart by each party and each executed Agreement, when taken together, shall constitute a complete Agreement.

10. **BY SIGNING THIS AGREEMENT**, the Parties state that they have carefully read the Agreement, fully understand it and are signing it voluntarily.

**THEREFORE**, the Parties to this Settlement Agreement and Wage and Hour Release now voluntarily, freely and knowingly execute this Agreement.

_____  Dated: January ____, 2017
Frankie Figueroa

_____  Dated: January 31, 2017
Dannion Jordan

_____  Dated: January ____, 2017
Jamez Leggett

_____  Dated: January ____, 2017
Lamont Gray

_____  Dated: January ____, 2017
Shawn Parrilla

_____  Dated: January ____, 2017
Boyd Brown

4

concerning the subject matter hereof, except the agreements set forth in this Agreement. This Agreement constitutes and contains the entire agreement among the parties, and supersedes and replaces all prior negotiations and all agreements, proposed or otherwise, written or oral, concerning the subject matter hereof.

**8.   No Modification Except in Writing.**

This Agreement cannot be modified or changed except by writing, signed by the parties, with specific reference to this Agreement.

**9.   Execution in Counterpart.**

This Agreement may be executed in counterpart by each party and each executed Agreement, when taken together, shall constitute a complete Agreement.

**10.   BY SIGNING THIS AGREEMENT**, the Parties state that they have carefully read the Agreement, fully understand it and are signing it voluntarily.

**THEREFORE**, the Parties to this Settlement Agreement and Wage and Hour Release now voluntarily, freely and knowingly execute this Agreement.

_____     Dated: January ____, 2017
Frankie Figueroa


_____     Dated: January ____, 2017
Dannion Jordan


_____     Dated: January 30, 2017
Jamez Leggett


_____     Dated: January 27, 2017
Lamont Gray


_____     Dated: January ____, 2017
Shawn Parrilla


_____     Dated: January ____, 2017
Boyd Brown

4

concerning the subject matter hereof, except the agreements set forth in this Agreement. This Agreement constitutes and contains the entire agreement among the parties, and supersedes and replaces all prior negotiations and all agreements, proposed or otherwise, written or oral, concerning the subject matter hereof.

**8.     No Modification Except in Writing.**

This Agreement cannot be modified or changed except by writing, signed by the parties, with specific reference to this Agreement.

**9.     Execution in Counterpart.**

This Agreement may be executed in counterpart by each party and each executed Agreement, when taken together, shall constitute a complete Agreement.

**10.    BY SIGNING THIS AGREEMENT**, the Parties state that they have carefully read the Agreement, fully understand it and are signing it voluntarily.

**THEREFORE**, the Parties to this Settlement Agreement and Wage and Hour Release now voluntarily, freely and knowingly execute this Agreement.

_____        Dated: January ____, 2017
Frankie Figueroa

_____        Dated: January ____, 2017
Dannion Jordan

_____        Dated: January ____, 2017
Jamez Leggett

_____        Dated: January ____, 2017
Lamont Gray

_/s/ Shawn Parrilla_____     Dated: January 26, 2017
Shawn Parrilla

_____        Dated: January ____, 2017
Boyd Brown

4

concerning the subject matter hereof, except the agreements set forth in this Agreement. This Agreement constitutes and contains the entire agreement among the parties, and supersedes and replaces all prior negotiations and all agreements, proposed or otherwise, written or oral, concerning the subject matter hereof.

**8.** **No Modification Except in Writing.**

This Agreement cannot be modified or changed except by writing, signed by the parties, with specific reference to this Agreement.

**9.** **Execution in Counterpart.**

This Agreement may be executed in counterpart by each party and each executed Agreement, when taken together, shall constitute a complete Agreement.

**10.** **BY SIGNING THIS AGREEMENT**, the Parties state that they have carefully read the Agreement, fully understand it and are signing it voluntarily.

**THEREFORE**, the Parties to this Settlement Agreement and Wage and Hour Release now voluntarily, freely and knowingly execute this Agreement.

_____     Dated: January ____, 2017
Frankie Figueroa

_____     Dated: January ____, 2017
Dannion Jordan

_____     Dated: January ____, 2017
Jamez Leggett

_____     Dated: January ____, 2017
Lamont Gray

_____     Dated: January ____, 2017
Shawn Parrilla

*/s/ Boyd Brown*                   Dated: January ____, 2017
Boyd Brown

4

**ROVINI CONCRETE CORP.**
**AND ROVINI CONSTRUCTION CORP.**

_____  Dated: January 26th, 2017
Vincent Zollo, as Vice President of Rovini Concrete
Corp. and as Vice President of Rovini Construction
Corp.

_____  Dated: January 26th, 2017
Vincent Zollo, Individually

_____  Dated: January 26th, 2017
Rosemary Zollo, Individually